UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **MARY YOLANDA TRIGIANI,** ) <br>    Plaintiff ) <br> ) <br> v. ) <br> ) <br> **NEW PEOPLES BANK, INC.,** ) <br>    Defendant ) | **MEMORANDUM ORDER** <br> Case No. 1:21cv00001 |

This matter is before the court on the defendant's Motion For Protective Order And Motion To Quash, (Docket Item No. 32) ("Motion For Protective Order"), and Travis Staton's Motion For Protective Order And Motion To Quash, (Docket Item No. 35) ("Motion To Quash"), (collectively, "Motions"). None of the parties has requested to be heard on the Motions, and the court has considered the Motions and all responses and replies. Therefore, the Motions are ripe for decision.

The Motions seek to quash a subpoena duces tecum served by the plaintiff on Travis Staton, (Docket Item No. 32-5) ("Subpoena"). The Subpoena sought production of the following:

> All documents, communications, and electronically stored information sent or received by Travis Staton personally or in his capacity as President of the United Way of Southwest Virginia, to or from any employee of New People's Bank or Ballad Health regarding Mary Yolanda Trigiani.

The Motions argue that the records sought by the Subpoena are not relevant to a claim or defense in this matter, that the request is unduly burdensome, that the Subpoena's return date is after the close of discovery, and there is no time period specified for the records sought.

-1-

Federal Rules of Civil Procedure Rule 26 governs the scope of discovery. Rule 26 states the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Rule 26 also imposes another burden, that discovery must be "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 26(c)(1) states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense….

FED. R. CIV. P. 26(c)(1). Rule 26(c)(2) states: "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." FED. R. CIV. P. 26(c)(2).

Federal Rules of Civil Procedure Rule 45 authorizes litigants to subpoena nonparties to produce relevant documents. *See Gilmore v. Jones*, 339 F.R.D. 111, 119 (W.D. Va. 2021) (citing FED. R. CIV. P. 45(a)(1)(A)(iii)). Rule 45(d)(3) sets out the standards for quashing a subpoena. The rule states "the court for the district where compliance is required must quash or modify a subpoena that: … subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). "A subpoena subjects a nonparty to undue burden if it 'seeks information irrelevant to the case or that would require [the] non-party to incur excessive expenditure of time or money.'" *Gilmore*, 339 F.R.D. at 120 (quoting *Cook v. Howard*, 484 F. App'x 805, 812 n.7 (4th Cir. 2012)). "…[W]hen assessing a subpoena directed to a nonparty, the court must also consider three additional factors." *Gilmore*, 339 F.R.D. at 120 (citing *Va. Dep't of Corrs. v. Jordan*, 921 F.3d 180, 189-90 (4th Cir. 2019)).

> First, the court must consider whether the requesting party "need[s]" the information sought, meaning that the information "likely (not just theoretically) ... offer[s] some value over and above what the requesting party already has." [*Jordan*], at 189. Second, the court must consider whether the requesting party can obtain the same or comparable information "that would also satisfy its needs" from other sources. [*Jordan*, 921 F.3d at 189.] And third, the court must consider whether the request will impose a "cognizable burden[ ]" on the nonparty. [*Jordan*], at 189–90 (explaining that "[a] nonparty should not have to do the work of tailoring a subpoena to what the requesting party needs" and listing costs, overbreadth, privacy, and confidentiality interests as examples of cognizable burdens)….

*Gilmore*, 339 F.R.D. at 120.

The burden of proof on a motion to quash lies with the party objecting to the discovery request to establish that the challenged production should not be permitted. *See Smith v. United Salt Corp.,* 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009) (citing *Finley v. Trent*, 955 F. Supp. 642, 648 (N.D. W.Va. 1997); *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992). The scope of discovery for a nonparty litigant under a subpoena duces tecum is the same as the scope of discovery request made upon a party to the action. *See Smith*, 2009 WL 2929343, at *5; *Castle*, 142 F.R.D. at 620. A party moving for a protective order bears the burden of proving that good cause exists to prevent or limit discovery. *See Smith*, 2009 WL 2929343, at *5. "Specifically, the movant must make a particularized showing of why discovery should be denied, and conclusory or generalized statements in a motion for a protective order fail to satisfy this burden as a matter of law." *Smith*, 2009 WL 2929343, at *5.

In this case, Trigiani claims that her employer, New People's Bank, ("Bank"), discriminated against her based on her age, gender and religious beliefs in its treatment of her in the workplace and in her termination from employment. In her

Complaint, Trigiani alleges that, prior to her termination, a third party contacted the Bank with disparaging information about her. As stated above, the Subpoena seeks records containing any information regarding Trigiani that Staton sent to or received from any employee of the Bank or Ballad Health. Thus, insofar as the Subpoena seeks information regarding Trigiani exchanged between Staton and the defendant, it seeks information relevant to Trigiani's claims. Thus, Trigiani has established a need for this information. Further, the fact that Trigiani may have served the Bank with a production request for these records should not mean that she cannot seek the information from a third party.

Insofar as the Motions argue that the production sought would be unduly burdensome, neither the Bank nor Staton have provided the court with any evidence as to the time and effort required to respond to the Subpoena. All they have provided are conclusory statements that compliance with the Subpoena would be burdensome. Such conclusory statements do not meet the burden required to quash the Subpoena. *See Smith*, 2009 WL 2929343, at *5.

The court does, however, find that the Subpoena should be limited to records of communications between Staton and the Bank and should be limited in time to the period during which Trigiani was employed by the Bank, from July 31, 2017, to September 19, 2019.

Insofar as the Bank argues that the Subpoena should be quashed because it seeks to gain information after the discovery deadline, the court finds that Staton's equivocal deposition testimony, as outlined in the plaintiff's oppositions to the Motions, justifies allowing the plaintiff to pursue additional information through this Subpoena.

For the reasons set out above, the Motions are **DENIED**. The information sought by the Subpoena, limited as set out above, shall be provided to plaintiff's counsel within 15 days of the date of entry of this Order.

The Clerk's Office shall provide a copy of this Order to all counsel of record and to counsel for Travis Staton.

**ENTERED:** March 1, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE